# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 259 | **DATE** | 8/21/2003 |
| **CASE TITLE** | Yachting Experience, LLC. vs. Joule Yacht Transport, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **ENTER MEMORANDUM OPINION AND ORDER.** Federal's motion to dismiss Counts III and IV [doc. # 12] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 8/22/2003 | |
| | JJK courtroom deputy's initials | 03 AUG 25 AM 8:06 Date/time received in central Clerk's Office | date mailed notice JJK mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| YACHTING EXPERIENCE, LLC )<br>d/b/a CAPT. JIM'S YACHT SALES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN DOE, Individually and as the agent )<br>for JOULE YACHT TRANSPORT, INC., )<br>JOULE YACHT TRANSPORT, INC., )<br>CHUBB & SONS, INC., and FEDERAL )<br>INSURANCE COMPANY, )<br>)<br>Defendants. ) | No. 03 C 0259<br><br>Magistrate Judge Schenkier |

DOCKETED
AUG 2 5 2003

## MEMORANDUM OPINION AND ORDER

The plaintiff, Yachting Experience, L.L.C. d/b/a Capt. Jim's Yacht Sales ("Yachting Experience"), has brought a four-count amended complaint against John Doe, (individually and as the agent for Joule Yacht Transport, Inc.), Joule Yacht Transport, Inc. ("Joule'), Chubb and Sons, Inc. ("Chubb"), and Federal Insurance Company ("Federal"), in connection with alleged damage to a yacht owned by Yachting Experience and transported by Joule. In Counts I and II, Yachting Experience alleges negligence claims against John Doe and Joule, respectively, in connection with damage to the yacht that allegedly occurred during its transport. In Counts III and IV, Yachting Experience alleges claims against Federal and Chubb for breach of contract and bad faith denial of coverage pursuant to the Illinois Insurance Code, 215 ILCS 5/154.6(d) and 215 ILCS 5/155(1).

31

Since filing the amended complaint, Yachting Experience has dismissed its claim against the Doe defendant (doc. #23), and has also dismissed all claims against Chubb (doc. # 18).[1]

Joule has answered the complaint (doc. # 10). Presently before the Court is Federal's motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts III and IV in their entirety (doc. # 12). For the reasons that follow, Federal's motion to dismiss is granted.

## I.

The purpose of a motion to dismiss under Fed. R. Civ. Rule 12(b)(6) is to test the sufficiency of the complaint, and not to decide the case on the merits. See *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). For purposes of reviewing the motion, we must take all the plaintiff's well pled allegations as true. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The Court must also view the plaintiff's allegation in the light most favorable to the plaintiff, and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. *Ellsworth v. Racine*, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986). "The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Triad Assocs. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1990). The relevant allegations of the complaint, which we will take as true for purposes of ruling on this motion, are as follows:

## II.

On or about November 27, 2002, Yachting Experience purchased a 2001 Silverton 410 Sport Bridge yacht from Silverton Main Corporation ("Silverton"), located in Millville, New Jersey, to sell

---

[1]Pursuant to the consent of the remaining parties in the case (Yachting Experience, Joule, and Federal) and 28 U.S.C. § 636(c), the case has been assigned to this Court for all proceedings, including entry of final judgment (doc. ## 25-28).

2

retail for profit (Am. Compl. ¶¶ 5, 6). On or about the same date, Silverton made arrangements with Joule to have Joule pick up the yacht from Silverton's facility and transport the yacht to Yachting Experience in Kenosha, Wisconsin (*Id.* ¶ 8). Yachting Experience was charged and paid freight expenses in the amount of $7,891.50. Included in these charges was an amount sufficient to cover the cost of an insurance premium, which Joule paid to secure insurance from Chubb and Federal to protect against loss during the transportation of the yacht (*Id.* ¶ 10). Yachting Experience alleges that Joule purchased this insurance "on behalf of Yachting Experience," and the "Yachting Experience held the insurable interest" (*Id.*). Yachting Experience did not attach to the complaint a copy of the policy of insurance that it alleges Joule purchased on Yachting Experience's behalf.

On or about December 6, 2000, while transporting the yacht on Interstate Highway 94 in the State of Illinois, the transporter of the yacht hit a bridge overpass causing extensive damage to the yacht (Am. Compl. ¶ 11). On or about the same date, timely notice of the accident was made to Chubb and Federal (*Id.* ¶ 12). The yacht was taken to be repaired, and in June 2001, Yachting Experience was notified by Joule that all repairs to the Yacht were completed and that the yacht would be shipped to Yachting Experience by Joule (*Id.* ¶ 14). Upon delivery of the yacht, Yachting Experience had it inspected or surveyed and found the repairs to have been faulty and incomplete and declared the yacht a total loss due to the extensive damage (*Id.* ¶ 16). Joule, Chubb, and Federal retained the services of its own surveyor who concurred with Yachting Experience's surveyor that the yacht was a total loss (*Id.* ¶ 17).

On October 8, 2002, Joule, Chubb, and Federal refused to purchase and sell the salvage and instead sold the yacht for the sum of $185,000.00, without the knowledge or consent of Yachting Experience (Am. Compl. ¶¶ 19, 20). According to Yachting Experience, the damage sustained by

3

the yacht and the failure of Joule to have properly and fairly adjusted the insurance claim, directly and substantially led to a cash flow crisis in August 2002, that resulted in the loss of all three yacht lines and caused Yachting Experience to go into liquidation and out of business, with total losses approaching $1 million (*Id.* ¶ 24).

### III.

We begin the analysis with Federal's motion to dismiss Count III of the amended complaint, which alleges breach of contract. To state a claim for breach of contract, plaintiff must allege that: (1) a valid contract existed between the plaintiff and defendant; (2) plaintiff complied with the contract and performed its obligations; (3) defendant breached the contract; and (4) plaintiff suffered damages due to the defendant's breach. *Servpro Industries, Inc. v. Schmidt*, 905 F. Supp. 475, 479 (N.D. Ill. 1994). Here, Yachting Experience's claim in Count III flounders on the first element; the complaint fails to properly allege the existence of a contract between Yachting Experience and Federal.

Yachting Experience asserts that the insurance policy purchased by Joule from Federal was purchased on behalf of Yachting Experience; thus, it is this policy that plaintiff claims as the contract. (Pl.'s Mem. at 2). Additionally, Yachting Experience argues that it held an insurable interest because it owned the yacht transported by Joule and it paid the insurance premium, as part of the freight charges "to insure Yachting Experience against loss during the transport of the yacht." (Pl.'s Mem. at 2-3). However, the insurance policy at issue identifies Joule as the only named insured. There is nothing in the insurance policy that refers to Yachting Experience as a named insured, nor is there any reference to Yachting Experience being a named beneficiary of the policy. And, Yachting Experience has disavowed any third-party beneficiary theory (Pl.'s Mem. at 4). In

the face of what the policy says (and, just as important, what it does not say), the complaint fails to allege a contract between Yachting Experience and Federal.[2] Accordingly, Count III must be dismissed for failure to state a claim against Federal.

### IV.

In Count IV, Yachting Experience alleges a bad faith claim against Federal on the strength of two provisions of the Illinois Insurance Code: 215 ILCS 5/154.6, and 215 ILCS 5/155(1). Plaintiff's invocation of Section 5/154.6(d) is a non-starter. The plaintiff cannot recover under Section 5/154.6(d) as that section does not create a private right of action. *Bageanis v. American Bankers Life Assurance Co. of Fl.*, 783 F. Supp. 1141, 1149 (N.D. Ill. 1992); *see also Van Vleck v. Ohio Cas. Ins. Co.*, 471 N.E.2d 925, 927 (Ill. App. 3d Dist. 1984).

Yachting Experience's reliance on Section 5/155(1) fares no better, albeit for a different reason. To obtain relief under Section 5/155(1), a plaintiff must be an insured party or "an assignee who succeeds to the same position of the insured." *Garcia v. Lovellette*, 639 N.E.2d 935, 937 (Ill. App. 2d Dist. 1994). The rights afforded by Section 5/155(1) are "not intended for 'true' third parties." *Id.*; *see also Yassin v. Certified Grocers of Illinois*, 551 N.E.2d 1319, 1322 (Ill. 1990) ("[a]s a general rule, the remedy embodied in Section 155 of the Insurance Code extends only to the party insured and policy assignees. Therefore, the remedy embodied in Section 155 of the Insurance Code does not extend to third parties") (internal citations omitted). An "insured must logically be a person defined in the policy provision in question here." *Garcia*, 639 N.E.2d at 938. But, as we have

---

[2] Federal has provided the Court with the insurance policy agreement between Joule and Federal. Although Yachting Experience failed to attach the policy to the complaint, the policy is at the core of its contract claim; we therefore may consider the insurance policy without converting the motion to dismiss a motion for summary judgment. *Venture Assoc. Corp. v. Zenith Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim").

explained above, Yachting Experience is not a named insured on the insurance policy, nor is there any allegation that Joule assigned Yachting Experience any rights against Federal. Thus, the claim against Federal in Count IV fails.

## CONCLUSION

For the foregoing reasons, Federal's motion to dismiss (doc. # 12) Counts III and IV is granted.[3]

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: **August 21, 2003**

---

[3] In light of this ruling, the Court does not address Federal's alternative grounds for dismissal based on public policy.

6